UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BRYAN CASS,<br>　　　Petitioner,<br>　v.<br>SONOMA COUNTY SUPERIOR COURT,<br>　　　Respondent. | Case No. 22-cv-06222 EJD (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DIRECTING PETITIONER TO FILE PROOF OF PAYMENT; DENYING OTHER MOTION AS MOOT**<br><br>(Docket Nos. 5, 8) |

　　　Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction out of Sonoma County Superior Court.  Dkt. No. 4.  Petitioner filed a motion for leave to proceed in forma pauperis ("IFP").  Dkt. No. 5.

## BACKGROUND

　　　According to the petition, Petitioner was found guilty of several charges in Sonoma County Superior Court.  Dkt. No. 4 at 1, 2.  He was sentenced on April 29, 2022, to 68 months in state prison.  Id. at 1.  Petitioner indicates that his appeal to the state appellate court is "on stay until record is complete."  Id. at 3.  Petitioner also indicates that he has not yet filed an appeal to the state high court, presumably because his appeal is still pending.  Id.

　　　The operative petition was filed on November 2, 2022.  Dkt. No. 4.

**DISCUSSION**

**A.      Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981).  Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  The exhaustion requirement is not satisfied if there is a pending postconviction proceeding in state court.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).

It is clear from the petition that Petitioner did not present the claims from the instant petition to the California Supreme Court, either on direct appeal or in a state habeas action, before filing this action.  Furthermore, the exhaustion requirement is not satisfied if there is a pending postconviction proceeding in state court.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  Here, Petitioner has indicated that his direct appeal is still pending in the state appellate court.  See supra at 2.  Therefore, the petition is not ripe for federal review because Petitioner has still not exhausted his state remedies.  See Rose, 455 U.S. at 522.  Accordingly, this petition should be dismissed without prejudice to Petitioner filing a new federal habeas corpus petition once state remedies have been exhausted.

**B.      Motion for Leave to Proceed *In Forma Pauperis***

Petitioner filed a motion for leave to proceed IFP.  Dkt. No. 5.  However,

2

Petitioner's inmate statement report shows an available balance of $407.32. Dkt. No. 7. Accordingly, his motion for leave to proceed IFP is **DENIED** for lack of indigency. Furthermore, Petitioner filed a copy of a trust account withdrawal order indicating that he requested the $5.00 filing fee be paid to the Court. Dkt. No. 5-2 at 1. Accordingly, Petitioner shall be required to file proof of payment with the Court.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies. See Rose, 455 U.S. at 510. The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies with respect to all claims he wishes to pursue in a federal habeas action by presenting them to the state high court.

Petitioner's motion for leave to proceed in forma pauperis is **DENIED**. Dkt. No. 5. Petitioner shall file proof of payment of the $5.00 filing fee with the Court no later than twenty-eight days from the date this order is filed.

All other motions shall be terminated as moot.

This order terminates Docket Nos. 5 and 8.

**IT IS SO ORDERED.**

Dated:   March 27, 2023

EDWARD J. DAVILA
United States District Judge